**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **WILLIAM A. BRANHAM,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Criminal Action No.** |
| | : | **7:08-CV-123(HL)** |
| **MICHAEL J. ASTRUE, Commissioner of the Social Security Administration Agency** | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

Before the Court is Defendant's Motion for More Definite Statement (Doc. 6), Plaintiff's Motion to Appoint Counsel and Compel Relief (Doc. 8), Plaintiff's Motion to Appoint Counsel to a Fair and Speedy Trial (Doc. 10), and Plaintiff's Expedited Motion to Appoint Counsel to a Fair and Speedy Class Action Trial (Doc. 17). For the following reasons, Defendant's Motion is granted and Plaintiff's Motions are denied.

## I. BACKGROUND

On September 19, 2008, Plaintiff, proceeding pro se, filed a Complaint (Doc. 1) against Michael J. Astrue, Commissioner of the Social Security Administration, for violations of Title VII, 42 U.S.C. § 1981, the Americans with Disabilities Act, and the Rehabilitation Act. On December 17, 2008, Defendant filed a Motion for More

Definite Statement, contending that the allegations in the Complaint are so vague and ambiguous that Defendant is unable to formulate a response. Without responding to Defendant's Motion, Plaintiff filed a Motion to Appoint Counsel and Compel Relief, Motion to Appoint Counsel to a Fair and Speedy Trial, and Expedited Motion to Appoint Counsel to a Fair and Speedy Class Action Trial.

## II. DISCUSSION

### A. Defendant's Motion for More Definite Statement

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original). When a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant may move the district court for a more definite statement under Federal Rule of Civil Procedure 12(e).

Here, Defendant cannot reasonably prepare a response to Plaintiff's Complaint because the allegations are vague and ambiguous. Plaintiff's Complaint is an argument about the merits of his claim rather than a complaint for relief. There are citations and statements of law, and although there are some factual allegations interspersed throughout, the factual basis of his claim is not sufficiently clear to allow

Defendant to prepare an Answer. As a result, Defendant's Motion for More Definite Statement is granted. Plaintiff shall have until May 13, 2009, to file an Amended Complaint. The Amended Complaint shall clearly set forth the statutes that Plaintiff contends were violated by Defendant, how they were violated, and the relief that Plaintiff requests for the alleged violations. Plaintiff's claims must be stated in separate numbered paragraphs. See Fed. R. Civ. P. 10(b). If practicable, each numbered paragraph should be confined to a single set of circumstances. See id. Failure to comply with the terms of this Order will result in dismissal of Plaintiff's Complaint.

**B. Plaintiff's Motions**

Plaintiff's Motions, much like his Complaint, consist of arguments about the merits of his claim. Plaintiff appears to be requesting that the Court appoint him counsel, order that Defendant settle his case, and order a fair and speedy trial. As to his request for counsel, it is well established that civil litigants do not have an absolute constitutional right to the appointment of counsel. Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Instead, the appointment of counsel in a civil case is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. Because the Court finds that this case does not present any exceptional circumstances that justify the appointment of counsel, Plaintiff's request for court-appointed counsel is denied.

Second, Plaintiff's request for this Court to order Defendant to settle this case is denied. The basis for this request seems to be Plaintiff's contention that his claims are meritorious and thus the Court should order Defendant to provide Plaintiff with the relief requested in his Complaint. In essence, this request is in the nature of a motion for summary judgment. Plaintiff, however, has failed to demonstrate that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. As a result, this request is denied.

Last, Plaintiff requests a speedy trial under the Sixth Amendment. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend VI. By its express terms, the Sixth Amendment does not apply to civil cases, and there is no civil equivalent to a constitutional right to a speedy trial. Koller v. Richardson-Merrell Inc., 737 F.2d 1038, 1050 (D.C. Cir. 1984), vacated on other grounds, 472 U.S. 424 (1985); McKnight v. Blanchard, 667 F.2d 477, 481 (5th Cir. 1982); see also Martin v. Warden, Atlanta Pen., 993 F.2d 824, 829 (11th Cir. 1993) (recognizing that Sixth Amendment right to a speedy trial applies only in criminal cases). Plaintiff's request for a speedy trial is therefore denied. Plaintiff's case will progress in the same manner as all civil cases that come before this Court: there will be a discovery period; followed by a period in which each party may file dispositive motions; and if any of Plaintiff's claims survive any dispositive motions filed by Defendant, the case will proceed to trial.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion is granted and Plaintiff's Motions are denied. Plaintiff shall have until May 13, 2009, to file an Amended Complaint. The Amended Complaint shall clearly set forth the statutes that Plaintiff contends were violated by Defendant, how they were violated, and the relief that Plaintiff requests for the alleged violations. Plaintiff's claims must be stated in separate numbered paragraphs. As far as practicable, each numbered paragraph should be confined to a single set of circumstances. Failure to comply with the terms of this Order will result in dismissal of Plaintiff's Complaint.

**SO ORDERED**, this the 15th day of April, 2009.

***s/ Hugh Lawson***
**HUGH LAWSON, Judge**

dhc